_JPUFRESNE, Judge.
This is an appeal from a ruling by a court commissioner in a domestic dispute. Because that judgment is not properly before this court, we must dismiss the matter for lack of appellate jurisdiction.
The procedural facts pertinent here are as follows. During the course of this domestic dispute, a hearing was held before the domestic relations commissioner of the Twenty-Fourth Judicial District Court. While the record shows that there are still matters in dispute concerning partition of community property, the only issue apparently tried at this hearing was the amount of permanent alimony which would be owed to the wife under La. Civ.Code, Art. 112, if she were subsequently determined not to have been at fault in termination of the marriage. However, a judgment was signed by the commissioner on May 28, 1998, which on its face finds the wife to be entitled to permanent alimony and orders payment to her of $1,100.00 per month. Although signed by the commissioner, it was not signed by the judge.-
*458 kMay, 28, 1998, the date of the judgment, was a Thursday. On June 2, a Tuesday, the wife filed in the district court an objection to the commissioner’s ruling. On June 3, the trial judge set a hearing on the objection for later in the month. On June 4, the husband also filed an objection to the commissioner’s judgment. Then, on June 5, a Friday, the trial judge set aside his action of June 3 (setting the matter for a hearing), and then denied both the wife’s and the husband’s objection as untimely, citing La. R.S. 13:717, which provides a three day limitation for filing objections to commissioners’ judgments.
On Wednesday, June 10, the wife filed a motion to have the trial judge reconsider his denial of a hearing on her objection to the commissioner’s judgment. She correctly asserted there that her objection was indeed filed within three days of the judgment because the intervening Saturday and Sunday were not counted. On June 11, while the above motion was pending, the husband filed a notice of appeal. On June 17, the trial judge signed: 1) an order reinstating the hearing on the wife’s objection to the commissioner’s judgment, and 2) the husband’s order of appeal from that judgment.
Upon lodging of the record in this court, the wife urged a motion to dismiss the appeal on grounds that the judgment was interlocutory, and therefore not appealable. The basis for this motion was that the judgment did not determine the wife’s entitlement to permanent alimony, but only fixed the amount that would be owing were it later determined that she was entitled to it. That motion was referred to the merits of this matter. We now dismiss the appeal, but on grounds other that those urged by the wife in her motion, as explained below.
_j¡The offices of the Commissioners for the Twenty-Forth Judicial District Court were created by Acts 1997, No. 824, now La. R.S. 13:717. Section E, of that statute provides pertinently:
... Each judgment entered by a commissioner shall be signed by a judge of the Twenty-fourth Judicial District Court. Any party aggrieved by a judgment entered by a commissioner may appeal that judgment in the same manner as any other judgment entered by a district court. Any party who disagrees with a judgment or ruling of a commissioner may file a written objection thereto. The objection shall be filed within three days of the judgment and shall be filed in accordance with the rules of the Twenty-fourth Judicial District Court. The objection shall be heard by a judge of the Twenty-fourth Judicial District Court. The judge may decide the objection based on the record of the proceedings before the commissioner or may receive further evidence and rule based on that evidence, together with the prior evidence, or may recommit the matter to the commissioner with instructions.
Article 1911 of the Code of Civil Procedure also provides that every final judgment shall be signed by the judge, unless otherwise provided by law. Article 2083 of that Code further provides that only final judgments rendered in causes in which appeals are given, and interlocutory orders causing irreparable harm, are appealable.
In the present case, the judgment was not signed by the judge, and the only other law bearing on this situation not only does not provide otherwise, but specifically requires such a signature. The absence of this signature on the judgment here is fatal to its finality, and it is thus not appealable as a final judgment. Neither is it an interlocutory judgment which may cause irreparable harm because without the district judge’s signature, it would not be executable and thus could cause no harm of any kind. We further note that although there was some confusion as to the timeliness of the wife’s objection to the judgment, the trial judge recognized that he had originally erred by counting the intervening Saturday and ^Sunday in calculating the three day period. The result of his correcting that error and setting a hearing on the objection is that the commissioner’s judgment remains without effect until further action by the trial judge.
Considering the above procedural facts, we conclude that there is no law upon which the appellate jurisdiction of this court might be *459 based, and we therefore dismiss this matter for lack of such jurisdiction.

APPEAL DISMISSED.